LANDRY *v.* CHAYRET, *and the* NASHUA & ROCHESTER RAILROAD, *Trs.*

Payment in good faith, and without knowledge of the service of trustee process, will discharge the trustee, although legal service upon him had been made before such payment.

FOREIGN ATTACHMENT.   On the trustees' pay-roll, indicating the names of persons working for them, appeared the name of a Frenchman, who, in October, 1875, answered to the name of Peter Shepard, and in November to that of Peter Stone, and as such received his wages for those two months, which are the funds which the plaintiff claims.   There was nothing to indicate that the real name of Shepard or Stone was Pierre Chayret, or Peter Chayret, neither of which names was upon the pay-roll, and the trustees had no knowledge that any such person as Pierre Chayret, or Peter Chayret, ever existed. The court ordered the trustees discharged, and the plaintiff excepted.

*G. Y. Sawyer & Sawyer, Jr.,* for the plaintiff.

*Stevens & Parker,* for the trustees.

FOSTER, J.   Payment in good faith, and without knowledge of the service of trustee process, will discharge the trustee, although legal service upon him had been made previous to such payment.   *Williams* v. *Kenney,* 98 Mass. 143 ; *Williams* v. *Marston,* 3 Pick. 65 ; *Porter* v. *Stevens,* 9 Cush. 530.

There was nothing in the facts disclosed to indicate that the payments to the man called Shepard, *alias* Stone, were not made in good faith, and nothing to put the trustees upon inquiry concerning the identity of Pierre Chayret with Peter Shepard or Peter Stone.   In *Hamlin* v. *Huse, and the Grand Trunk Railway, Trs.,* Coös, Jan., 1872, not reported, the agent of the corporation, after service upon them of a writ against Peter Huse, " made examination and inquiry, and could not hear that any person by that name had been in the employ of the road, and did not find that name on the company's books." Subsequently the agent paid wages, intended, in fact, for Peter Huse, to a laborer who signed his name on the pay-roll as P. Hughes.   The court ordered that the trustees be discharged, being satisfied that the trustees had acted in good faith ;  and, upon exception taken, this judgment was affirmed.

*Exception overruled.*

BINGHAM, J., did not sit.