Hillsborough, }
May 1, 1934. }

JOSEPHINE WELLS *v.* ERNEST BEAUPRÉ, *& Tr.*

*James A. Broderick* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth & Wadleigh* (*Mr. Booth* orally), for the trustee.

*Per Curiam.* The plaintiff, by moving to charge the trustee upon the disclosure on file, elected to stand upon the facts recited in the disclosure. *Sise* v. *Drew*, 18 N. H. 409.

The facts thus stated are that the trustee paid the principal defendant before it had knowledge of the substitute service upon the insurance commissioner, and that, when informed of the service, it in good faith and with due diligence attempted to stop payment of the check, but without avail. Upon these facts the trustee was entitled to a discharge. *Landry* v. *Chayret*, 58 N. H. 89, and cases cited.

The plaintiff's offer of proof concerning a letter attempting to notify the trustee of the pending process, if treated as a motion to reopen the case and introduce additional evidence, would not change the result. The plaintiff therein undertook to specify the name of the trustee's employee to whose attention the communication was directed. The name given varied substantially from that of the person the plaintiff had in mind, and before the puzzle had been solved in the trustee's office the payment had been made.

*Exception overruled.*