NATIONAL LIVE STOCK INS. CO. v. GOMILLION. (No. 5482.)

(Court of Civil Appeals of Texas. Austin. Oct. 13, 1915.)

COURTS ☞247 — APPELLATE JURISDICTION — CERTIFICATION—WRIT OF ERROR GRANTABLE.

The Court of Civil Appeals will not certify a case to the Supreme Court, where that court has jurisdiction to grant a writ of error.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. ☞247.]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

On motion for rehearing. Overruled.

For former opinion, see 178 S. W. 1050.

E. B. Coopwood and Nye H. Clark, both of Lockhart, for appellant. O. Ellis, Jr., S. R. Graves, and T. B. Monroe, all of Lockhart, for appellee.

JENKINS, J. In our original opinion herein we held that article 4951, R. S. (article 3096eee, c. 69, Acts 28th Leg.), was constitutional. A careful examination of the able brief and argument of appellant herein on its motion for a rehearing has not changed our views as to this.

Appellant vigorously assails our opinion herein, wherein we held that appellant was not in a position to attack the constitutionality of the enactments of the Legislature regulating the admission of foreign corporations to do business in this state for the reason that in accepting such permit it agreed to be bound by such enactments. Article 4972 makes the provisions of title 71, R. S., conditions precedent upon which foreign insurance companies shall be permitted to do business in this state, and provides that such companies by doing business in this state "shall be held to have assented thereto." The law is a part of every contract. Under the law of this state when a foreign insurance corporation obtains a permit to do business in this state, every provision of title 71 of the Revised Statutes, in so far as applicable to its line of business, becomes a part of its contract to do business in this state. Having accepted said provisions and agreed to be bound thereby, it will not, after doing business under such permit (and without, which it could not have any business in this state), be heard to question the validity of such provisions.

Such we understand to be the effect of the decision of the Supreme Court of the United States in Waters-Pierce Oil Co. v. State of Texas, 177 U. S. 28, 20 Sup. Ct. 518, 44 L. Ed. 657. In that case it was contended by appellant that the statute of Texas was unconstitutional, in that it took away "the property and liberty assured by the fourteenth amendment of the Constitution of the United States," and made "many discriminations be-tween persons and classes of persons." To this the court replied:

"The plaintiff in error is a foreign corporation, and what right of contract has it in the state of Texas? This is the only inquiry, and it cannot find an answer in the rights of natural persons. It can only find an answer in the rights of corporations and the powers of the state over them. What those rights are and what that power is has often been declared by this court."

The court quotes with approval from Paul v. Virginia, 8 Wall. 168, 19 L. Ed. 357, as follows:

"Having no absolute right of recognition in other states, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those states may see proper to impose. They may exclude the foreign corporation entirely. * * * The whole matter rests in their discretion."

As a conclusion of this whole matter the court said:

"The statute of 1889 (which was assailed as being unconstitutional), therefore, was a condition upon the plaintiff in error within the power of the state to impose, and *whatever its limitations were upon the power of contracting, whatever its discriminations were,* they became *conditions of the permit and were accepted with it.*" (Italics ours.)

It will be observed that article 4951, R. S., does not discriminate between foreign and domestic insurance companies. This is a suit to recover on an insurance contract, and the appellant seeks to read into that contract questions and answers in the application for the policy, when under the provisions of title 71, R. S., hereinbefore referred to, such questions and answers did not become a part of such policy, for the reason that a copy thereof did not accompany said policy.

For the reasons stated in our original opinion herein, we overrule appellant's contention that appellee was not entitled to a judgment for the penalty and attorney's fees recovered.

For the reasons stated herein, appellant's motion for a rehearing is overruled.

The Supreme Court has jurisdiction to grant a writ of error in this case, for which reason the motion to certify is also overruled. Jones v. Lopez, 172 S. W. 992, 993; Day v. Mercer, 175 S. W. 766.

Motion overruled.