### NORTH AMERICAN ACCIDENT INS. CO. v. HODGE et al. (No. 6021.)

(Court of Civil Appeals of Texas. Austin. Jan. 29, 1919.)

1. INSURANCE ⬳134(2)—STATUTE REQUIRING POLICY TO CONTAIN ENTIRE CONTRACT—APPLICABILITY—"ANNUAL PREMIUM PLAN."

Defendant accident insurance company, which, under policy sued on, required premium to be paid monthly, was not engaged in the insurance business upon the "annual premium plan," within Rev. St. 1911, art. 4957, providing that chapter does not apply to companies carrying on business upon such plan, and it was not exempt from articles 4953 and 4955, requiring policy to contain all the terms of the contract, and providing that application may be made a part thereof.

2. STATUTES ⬳167(2)—CODIFICATION—ORIGINAL ACT AS CONTROLLING.

Rev. St. 1911 constitutes a mere codification and continuation of laws formerly enacted, and therefore article 4957, which was intended to be a codification of section 65, Acts 31st Leg. c. 108, is controlled thereby.

Appeal from McLennan County Court; James P. Alexander, Judge.

Action by Ellen Hodge and another against the North American Accident Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Scott & Ross, of Waco, for appellant.
W. L. Eason, of Waco, for appellees.

KEY, C. J. Ellen Hodge, and Alice Clark brought this action against the North American Accident Insurance Company, alleging that the latter had issued an accident insurance policy to one Hal Allen; that Virginia Banks was named as beneficiary in the policy in the event of the death of Hal Allen as a result of accident; that Virginia Banks was dead, and plaintiffs were her sole surviv-

ing heirs, and entitled to recover upon the policy. There was a nonjury trial, the case being submitted to the court upon an agreed statement of facts, and judgment was rendered for the plaintiffs for $436, and the defendant has appealed.

The agreed statement of facts contains the following stipulation:

"The parties to the above entitled and numbered cause, through their attorneys, hereby agree that the plaintiffs are entitled to judgment against the defendant for the sum of $300, and a $36 penalty and $100 attorney's fees, making a total of $436, unless the defendant's defense, as pleaded in sections 2, 3, 4, and 5 of its answer, is sustained.

"If the defendant's said defense, as pleaded in its answer, is sustained, then the plaintiffs are entitled to judgment for $100."

•In the paragraphs of its answer referred to in the foregoing agreement, the defendant pleaded the following stipulation in the policy:

"This policy includes the indorsement and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates, in the event that the insured is injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits so fixed by the company for such more hazardous occupation."

That plea was followed up with allegations to the effect that the policy showed that Hal Allen was employed as a fireman of a stationary boiler at the time he was insured, and alleges that at the time of the accident, which resulted in his death, he was engaged in an occupation classified in defendant's manual of classifications as more hazardous than that of fireman of a stationary boiler, namely, that he was carrying furniture from the second story of a building down a flight of stairs, which service was an act or thing pertaining to the occupation of a common laborer, or laborer not otherwise classified, both of which were classified by the defendant in its manual of classification as more hazardous than that of fireman; and that, therefore, by the terms of the policy, the beneficiaries therein were only entitled to the sum of $100, which the defendant alleged it had tendered and offered to pay to plaintiffs.

Appellant contends that the classification referred to in the contract is shown in its manual, which is a printed booklet, and its schedule of rates, as shown on the back of Hal Allen's application for insurance. Appellees contend that neither the manual nor schedule of rates constituted a part of the contract of insurance, because the law requires that the policy shall contain the entire contract between the parties, and that some other document, although referred to in the policy, cannot be looked to and considered as a part thereof; and in support of that contention, they rely upon articles 4953 and 4955 of the Revised Statutes, and Insurance Co. v. Gomillion, 178 S. W. 1051, and 179 S. W. 671, decided by this court. Neither the manual of classification nor the schedule of rates was embraced in and disclosed by the face of the policy.

Appellant attempts to avoid the effect of the statute and decision cited by referring to article 4957 of the Revised Statutes of 1911. That article reads as follows:

"Art. 4957. *Chapter Does Not Apply to Fraternal Beneficiary Companies.*—None of the terms or provisions of this chapter shall apply to, nor in any wise affect, fraternal beneficiary associations as defined by the laws of this state, nor apply to companies carrying on the business of life or casualty insurance on the assessment or annual premium plan, under the provision of this title. Id. § 65."

Replying to that contention, appellees insist that the article referred to has not been properly codified in the Revised Statutes of 1911, and that the codifiers have omitted a material part of the original statute as enacted by the Legislature in 1909. At the time referred to the Legislature passed a law relating to the subject of insurance, one section of which reads as follows:

"Sec. 65. None of the terms or provisions of this act shall apply to nor in any wise affect fraternal beneficiary associations as defined by the laws of this state, nor apply to companies carrying on the business of life or casualty insurance on the assessment or annual premium plan, under the provisions of articles 3090, 3091 and 3092, Revised Civil Statutes of the State of Texas." Acts 31st Leg. c. 108.

[1, 2] It is quite certain that article 4957 was intended as a codification of the foregoing section of the act of March 22, 1909, but it will be noted that section 65 limits the exemptions therein provided for to insurance companies acting under the provisions of articles 3090, 3091, and 3092 of the Revised Civil Statutes in vogue at that time. Those articles are embraced in the Revised Statutes of 1895, and apply to companies carrying on the business of life and casualty insurance on the assessment or natural premium plan, and not on the annual premium plan, as section 65 of the act of March 22, 1909, reads. Counsel for appellees contend that the word "annual" in section 65 was either used inadvertently by the Legislature, or that a mistake was made in transcribing the bill. However that may be, if that construction is not admissible, then it follows that as the words "annual" and "natural" do not signify the

same thing, and cannot be used to express the same thought, appellant is not exempt from the provisions of articles 4953 and 4955, which require the policy to contain all the terms of the contract between the parties, because section 65 of the act of March 22, 1909, confers no exemption upon insurance companies other than those described in articles 3090, 3091, and 3092, which are therein denominated as companies carrying on business on the assessment or natural premium plan, unless it be that the latter part of the section referred to has been superseded by article 4957, which omits any specific reference to any articles of the Revised Statutes, and substitutes therefor the words, "under the provisions of this title." Upon that subject, we sustain appellees' contention to the effect that the Revised Statutes of 1911 are not an enactment or re-enactment of laws then being made by the Legislature, but constitute a mere codification and continuation of laws formerly enacted by the Legislature; and therefore section 65 of the original act of March 22, 1909, must control. Fischer v. Simon, 95 Tex. 239, 66 S. W. 447, 882; Corbett v. Sweeney, 151 S. W. 860; National Surety Co. v. Murphy-Walker Co., 174 S. W. 1001; section 16, Final Title, Revised Statutes 1911; Insurance Co. v. Walker, 94 Tex. 473, 61 S. W. 711.

We think it probable, as contended on behalf of appellees, that the expression "annual premium plan," as incorporated in section 65 of the act of March 22, 1909, was used by inadvertence, as article 3090 therein referred to uses the expression "natural premium plan," and the latter expression is brought forward in the codification of that article in the Revised Statutes of 1911. Articles 4791, 4792, and 4793, Revised Statutes of 1911. Furthermore, the proof does not show that appellant was engaged in the insurance business upon the "annual premium plan." On the contrary, it shows that the contract in this case required the premiums to be paid monthly. Hence we conclude that appellant failed to sustain its defense, and therefore the trial court rendered the proper judgment, which will stand affirmed.

Affirmed.