## SOVEREIGN CAMP, W. O. W., v. HARMON. (No. 6847.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1922.)

1. Insurance ☞819(2)—Evidence held insufficient to support verdict for beneficiary under life policy.

In an action by a beneficiary on a certificate of insurance against a fraternal benefit association, evidence *held* insufficient to support a verdict that insured member did not have tuberculosis at the time of applying for insurance and that he did not make false representations concerning his own health and the causes of death of his relatives.

2. Insurance ☞723(2)—False representations to invalidate fraternal benefit certificate need not be material.

To invalidate a benefit certificate, false representations by the insured need not be material.

3. Insurance ☞723(5) — False representations as to health, etc., by applicant for benefit certificate held to avoid certificate.

False representations by an applicant for benefit certificate that he did not have tuberculosis, and had not had it, that certain of his relatives had not died from it, and that he had not consulted a physician for five years preceding the application, avoided the certificate.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Louise S. Harmon against Sovereign Camp, Woodmen of the World. From judgment for plaintiff, defendant appeals. Reversed and rendered.

Kleberg, Stayton & North, of Corpus Christi, for appellant.

FLY, C. J. [1] This is a suit for $1,000 instituted by appellee, the surviving widow of William K. Harmon, deceased, against appellant, said claim being based on a certificate of insurance issued to said William K. Harmon, appellee being named as the beneficiary therein. The cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered in favor of appellee for $1,000 with interest at 6 per cent. per annum from date of the judgment.

The defense was that deceased had made false representations as to his physical condition, and the jury found that William K. Harmon did not have tuberculosis when he made application for insurance, nor had ever

had it; that his grandfather and three aunts did not die of consumption; that the applicant had not consulted with, or been attended by, a physician for any injury or disease during the five years immediately prior to April 22, 1918; that William K. Harmon was of sound bodily health and free of any injury or disease that would tend to shorten his life at the time he made the application for insurance in the Woodmen of the World; that he had never had bronchitis at that time, nor any disease of the throat or respiratory organs, nor discharges from his ears. The answers of the jury are so contrary to the overwhelming preponderance of the evidence as to indicate an utter disregard for the facts and a contempt for the testimony. Eminent specialists in lung troubles swore that a few weeks prior to the time that application was made for the insurance they thoroughly examined William K. Harmon and found him suffering from tuberculosis of the lungs and fully informed him of his condition. Dr. Theo Y. Hull, an eminent lung specialist, gave Harmon a thorough examination on March 28, 1918, less than a month before he applied for insurance, and stated that Harmon had told him that his grandfather and three aunts had died of tuberculosis, that he had pleurisy in 1910 and 1914, and had a winter cough. Dr. Hull swore that at the time he was suffering with active pulmonary tuberculosis and organic heart disease, and Dr. Hull told Harmon of his condition. In about eleven months after that time Harmon died.

Dr. Harry G. Haeney examined Harmon in the spring of 1918, and found that he had tuberculosis in both lungs. This examination took place just prior to the examination by Dr. Hull.

Dr. F. U. Painter swore that he had treated Harmon in 1916 and 1917 for chronic bronchitis and told him he was afraid he had tuberculosis. This was early in 1918. Dr. Painter was with him in his last illness, and he died of tuberculosis.

Dr. J. H. Grant, the medical examiner for the appellant, was introduced as a witness for appellee and testified that he made a hurried and "routine" examination. He made no examination for tuberculosis. His fee was paid by deceased. He showed that he made a very cursory and imperfect examination, and showed little knowledge of the condition of Harmon when he examined him for insurance. The only other doctor, C. P. Yeager, introduced by appellee, testified that he had in 1916 treated Harmon a number of times and that he examined him in 1918 and found he had tuberculosis.

It is apparent that the entire testimony shows that William K. Harmon had tuberculosis when he applied for insurance and knew that he had it; that his grandfather

and three aunts had died with consumption; that Harmon had consulted with and been attended by physicians many times within five years before he made the application for insurance; that he was not of sound bodily health and free of disease when he made the application; that he had bronchitis before that and diseases of the throat and respiratory organs and discharges from his ears. Not a finding of the jury was based on evidence, unless the surmises and opinions of the beneficiary be considered. She stated that the grandfather and aunts of her husband did not die with consumption, when her husband said they did. She testified to matters of her husband's family history about which she did not qualify herself to speak. She did not deny that her husband was treated by Dr. Haeney, Dr. Painter, and Dr. Hull before he applied for insurance. The evidence is totally insufficient to support the verdict.

[2, 3] The representations made by deceased, William K. Harmon, in his application, were undoubtedly untrue and were of the most material nature, if it were necessary for them to be material to invalidate the policy, which it is not, and a verdict should have been instructed for appellant. Modern Order of Prætorians v. Davidson (Tex. Civ. App.) 203 S. W. 379; Sov. Camp W. O. W. v. Treanor (Tex. Civ. App.) 217 S. W. 204; Modern Woodmen v. Atcheson (Tex. Civ. App.) 219 S. W. 537.

The judgment is reversed, and judgment here rendered that appellee take nothing by her suit and pay all costs in this behalf expended.

SMITH, J., entered his disqualification and did not sit in this case.