**DORSEY LIFE ASS'N v. DAVIS.**

No. 2786.

Court of Civil Appeals of Texas. Beaumont.

Jan. 30, 1936.

Rehearing Denied Feb. 5, 1936.

John Q. Adams and W. P. Glass, both of Harlingen, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

COMBS, Justice.

By its policy dated November 22, 1932, which was issued in lieu of a policy issued on January 2, 1932, the appellant, a mutual aid association, insured the life of Bud Collins in the sum of $1,000. Collins died October 22, 1933, while the policy, by its terms, was in full force. Proof of death was duly submitted and appellant refused payment. This suit was instituted in the district court of Nocogdoches county by J. H. Davis, administrator of Collins' estate, seeking recovery on the policy. Among other defenses pleaded, the defendant sought to defeat recovery on the ground that the deceased, in his application for the insurance, had made certain false representations which, under the policy and the by-laws of the company, which were specifically pleaded, rendered the policy void.

Appellant's by-laws, which were introduced in evidence, required that the applicant should be in good health at the time his application was made. Collins' application was dated December 30, 1931, and, in response to the questions therein asked and answered, he represented that he was in good health. Appellant, by way of defense against the policy, alleged that such representation was false and that Collins was not in good health at such time. The case was tried to the court without a jury, and, upon conclusion of the evidence, judgment was rendered against the appellant

and in favor of the appellee for the face amount of the policy, $1,000, plus $18 interest, and directing a levy of the assessment provided for by the by-laws of the association, with the proviso that, if the amount of the judgment was not collected by the assessment, then that the recovery should be limited to the amount realized by such assessment.

The only material question before us is appellant's contention that the undisputed evidence, as a matter of law, established its special defense that Collins was not in good health at the time he made application. The trial court filed no findings of fact or conclusions of law, and none were requested.

The testimony of Dr. W. T. Castleberry, the family physician of the deceased, was to the effect that some time during the Christmas holidays of 1931 he was called to see the deceased, Collins; that Collins was in bed suffering with high fever and was a very sick man. Dr. Castleberry diagnosed his trouble as influenza. The exact duration of the illness is not shown, but it appears that Dr. Castleberry treated him for some time and until he recovered. Dr. Stephen Tucker of Nacogdoches was called into consultation on the case by Dr. Castleberry, and Dr. Tucker testified that he saw the deceased one time; he thought the deceased was suffering from tuberculosis, but he made no microscopic or other examination in the nature of a specific test. Dr. Tucker, like Dr. Castleberry, did not fix the date of his visit to the deceased, but stated that it was some time about December, 1931. The mother of the deceased testified that on the deceased's birthday, January 3, 1932, he was sick in bed so that the birthday celebration which she had planned had to be postponed. It is appellant's theory that the illness about which the doctors testified began prior to the time deceased made his application for the insurance on December 30, 1931, and that since, according to his mother, he was still sick in bed on January 3d, it necessarily follows that he was not in good health when the application was made. The evidence does not compel any such conclusion. As we have already pointed out, neither of the doctors placed the time of the illness definitely. In fact, the only definite date of the illness fixed is by the testimony of the mother, which shows that the deceased was ill on January 3, 1932. The record is silent as to when the illness began. So far as anything in the record discloses, the deceased may have been stricken the very day that the birthday celebration was to have taken place. Moreover, the record shows that the deceased lived in the country, some distance from the town of Nacogdoches, and that the application for the insurance was signed in the office of Hon. S. M. Adams, an attorney of Nacogdoches. Mr. F. W. Tucker, appellant's agent, who took the application of Collins, testified that he (the agent) wrote down the answers in the application and that same was taken at the office of Attorney S. M. Adams in Nacogdoches, Tex., on December 30, 1931; that he did not remember definitely whether the insured, Collins, was present in Mr. Adams office at said time, but admitted that Collins may have been there. He appeared to have no independent recollection of the matter. The by-laws of the appellant, which were introduced in evidence, require specifically that the application shall be signed by the applicant. In the absence of a contrary showing, we cannot presume that Collins was not present and did not sign the application. On the contrary, the presumption, if one is to be indulged, would be that the agent performed his duty and that the application was taken in accordance with the by-laws of the appellant. The conclusion is inescapable, we think, that, if Collins was in fact present in the office of Mr. Adams in the city of Nacogdoches, and signed the application, he was not at that time suffering from the severe illness for which the doctors testified they treated him. It is not improbable that the illness began between that time and January 3, 1932.

 Thus it will be seen that the evidence is far from establishing as a matter of law appellant's special defense that the insured was not in good health when he made his application. In order to defeat recovery, the burden was, of course, upon the appellant to establish its special defense. At most, the evidence only raised an issue of fact, which issue was determined against the appellant by the trial court.

The judgment of the trial court is in all things affirmed.