## BUTLER v. ABILENE MUT. LIFE INS. ASS'N.

### No. 1919.

Court of Civil Appeals of Texas. Eastland.

June 9, 1939.

Rehearing Denied July 7, 1939.

Smith & Smith, of Anson, for appellant.

Joe E. Childers, of Abilene, and Omar T. Burleson, of Anson, for appellee.

GRISSOM, Justice.

Creola Butler sued The Abilene Mutual Life Insurance Association on an insurance certificate for $1,000, issued to her deceased husband, Jess Butler. Plaintiff alleged that on the 9th day of June, 1934, J. N. Stephens was the employee of defendant and a member of "its soliciting force" and authorized by the defendant "to solicit and write insurance for it in certain territory * * * including Jones County, Texas"; that on said date the defendant, through Stephens, secured an application from Jess Butler for a $1,000 policy of insurance "upon a stipulated level premium basis of $1.10 per month"; that Stephens collected from Jess Butler $1.10, the initial payment on said policy; "that said application was furnished to the defendant and the defendant did, on the 18th day of June, 1934, execute and deliver to the said Jess Butler" said certificate of insurance with the said Creola Butler named as the beneficiary therein. That during the month of July, 1934, "and before the 15th day of said month, the said Jess Butler paid to the defendant, through its local and soliciting agent J. N. Stephens, the July premium on said insurance policy

* * * which continued said policy in full force and effect until the 15th day of August, 1934." That while said policy was in full force and effect and a binding contract between the defendant and Jess Butler, the said Jess Butler died on the 11th day of August, 1934.. That within a few days thereafter the defendant was notified of the death of the said Jess Butler "through its local agent, solicitor and representative J. N. Stephens." Plaintiff further alleged that the defendant had actual notice at its home office of the death of Jess Butler within less than 60 days from the date of his death.

Plaintiff, in her original petition, alleged that the defendant was a Mutual Life Insurance Association, but, in her amended petition, alleged that defendant was "operating a life insurance association under a Permit from the Insurance Department of the State of Texas" and that "the class of the insurance association operated by the defendant is a 'level' or 'stipulated premium plan' whereby the defendant writes policies of life insurance in and over a certain section of territory including more than one county, covering a radius of at least 75 miles distant from its home office" etc.

The defendant answered plaintiff's said pleading by a general demurrer and general denial, and defendant specially denied that Jess Butler, or any one for ' him, ever paid any money to the defendant. It specially denied that plaintiff, or anyone for her, immediately notified defendant of the death of the insured, and alleged that it was not notified of his death until May 29, 1935. It specially denied that the policy of insurance sued on was in force and effect on the date of Butler's death. It alleged that it was a Local Mutual Aid Association, operating under Chapter 9A, Art. 4875a—1 et seq., R.S.1925, and amendments thereto (Vernon's Ann.Civ.St.), and that it was subject only to the laws governing such mutual associations; "that the application, certificate of insurance, constitution and by-laws constitute the contract of insurance between each and every member of the association and so constitutes the contract of insurance between Jess Butler and the defendant."

Defendant alleged that deceased signed and tendered an application to it, containing the following clause, to-wit:

"I hereby make application for membership in The Abilene Mutual Life Insurance Association of Abilene, Texas, and agree to pay monthly dues and assessments as provided in the Policy issued to me and I hereby agree to be bound by the terms of the Policy and by the Constitution and By-Laws as they now exist or may be hereafter amended.

"This application is taken subject to the approval of the proper officials of the Association. Agent's authority limited to statements in application and membership certificate."

And, that in consideration of said application, the defendant issued its certificate to Butler on June 18, 1934. That the certificate so issued, among other things, provided: "On the First of each and every calendar month of each year there shall be due on this policy a monthly premium in the amount of $1.10 which shall be paid at the Home Office of this Association on or before the 15th day of each month."

That plaintiff had notice of the monthly premium of $1.10 which was due on July 1, 1934, and payable on or before the 15th day of July, 1934, at the defendant's office. That said monthly premium was not paid and the policy lapsed, "if same had ever been in force", on July 15, 1934. That said policy contained the further provision: "All fixed premiums on this policy are due on the first day of the month and must be paid at the Home Office on or before the 15th day of the month to prevent this policy from lapsing. Should premiums not be paid on or before the specified time, this policy shall lapse."

That Jess Butler, on July 1, 1934, was given notice of an assessment of $1.10 which was due July 1, 1934, by mailing a written notice to Butler at the address given in the application, which notice, in effect, informed Butler that if the July premium were not paid on or before the 15th day of July, a health certificate would be required for reinstatement, and it instructed him "do not pay agents", and advised Butler to "pay now and don't lapse your policy. Make all payments to T. S. Rollins, Secretary, Box 933, Abilene, Texas." That said assessment was not paid. The defendant further alleged that its Constitution and By-Laws contained a provision that all claims must be filed with the Secretary in the office of the Association within one hundred days after such claim occurs; that the defendant was not notified of the death of Jess Butler within 100 days after his death, and that no notice,

claim, proof of death or any information regarding the death of Butler was given to defendant within 100 days after his death, for which reason, it alleged, the policy was null and void.

By trial amendment, the defendant alleged that in the application for insurance, Jess Butler was asked, among other things, whether he then had, or ever had, among other things, appendicitis, and whether or not Butler ever had "any surgical operation or advised to have any." That Butler answered said questions "No." That the answers were false. That Butler had suffered with appendicitis and had a surgical operation therefor on September 10, 1929, and had undergone three surgical operations prior to June 9, 1934; that the questions and answers were material to the risk, because of the facts stated, and further because Butler had undergone a surgical operation and suffered from adhesions thereafter, and "it was necessary for him to have another operation on or about August 10, 1934 caused by said adhesions and appendicitis, from which operation Jess Butler died." That under the provisions of the application, policy, Constitution and By-Laws, said answers, being false and material to the risk, relieved the defendant of any liability thereon, and caused said policy to be void.

The court submitted the following issues to the jury, which were answered as shown:

"1. Do you find from a preponderance of the evidence that Jess Butler paid to J. N. Stephens the July 1934 premium on the Jess Butler policy, prior to July 16th, 1934? Answer: Yes.

"2. Do you find from a preponderance of the evidence that in July, 1934, J. N. Stephens had authority from the Abilene Mutual Life Insurance Association to collect monthly premiums on policies, after the payment of the initial premium? Answer: No.

"3. Do you find from a preponderance of the evidence that the July 1934 Premium on the Jess Butler Policy was paid into the Home Office of the Abilene Mutual Life Insurance Association, prior to July 16, 1934? Answer: No.

"4. Do you find from a preponderance of the evidence that Homer Smith notified J. N. Stephens of the death of Jess Butler within one hundred days after August 11, 1934? Answer: Yes.

"5. Do you find from a preponderance of the evidence that J. N. Stephens notified the Home Office of the Abilene Mutual Life Insurance Association of the death of Jess Butler, within one hundred days after August 11th, 1934? Answer: No.

"6. Do you find from a preponderance of the evidence that notice of the death of Jess Butler was given to the Home Office of the Abilene Mutual Life Insurance Association by anyone, within one hundred days after August 11th, 1934? Answer: Yes.

"7. Do you find from a preponderance of the evidence that Jess Butler had appendicitis prior to June 9, 1934? Answer: Yes.

"8. Do you find from a preponderance of the evidence that Jess Butler had a surgical operation for appendicitis prior to June 9, 1934? Answer: Yes.

"9. When do you find from a preponderance of the evidence that Jess Butler was operated on for appendicitis? Answer: September 10, 1929.

"10. Do you find from a preponderance of the evidence that prior to June 9, 1934, Jess Butler had two operations for adhesions? Answer: Yes.

"11. What do you find from a preponderance of the evidence was the date of each of the two operations inquired about in Special Issue No. 10? Answer: June 1926, September 1926."

The court entered judgment for defendant. The following recital is found in the judgment: "Based upon the jury's findings of fact as represented in said special issues and further from the findings of fact by the court on the undisputed issues, the court finds that the plaintiff * * * is entitled to recover nothing against the defendant * * *."

The plaintiff has appealed.

Briefly stated, plaintiff's contentions are, in substance: (1) That as a matter of law plaintiff was entitled to a judgment upon the verdict of the jury, because the jury, in answer to special issue No. 1 found that Jess Butler paid J. N. Stephens the July premium, and, in answer to issue No. 6, found that notice of Butler's death was given to defendant's home office within 100 days after his death, for which reason, plaintiff contends, the judgment of the trial court should be reversed and judgment rendered for plaintiff. (2) That

if she was not entitled to a judgment on the verdict, then the judgment should be reversed and the cause remanded because the court failed to submit to the jury two issues requested by plaintiff. Said requested issues being as follows:

"1. Do you find from a preponderance of the evidence in this case that Jess Butler was in good health on the 9th. day of June, 1934, at the time he made the application for the insurance to the Abilene Mutual?

"2. From a preponderance of the evidence in this case do you find that Jess Butler had been in good health from the date of his last operation at the Stamford Sanitarium in 1929 up to the date of June 18, 1934 the date the insurance policy was issued to him?"

█ We overrule plaintiff's first contention, that she was entitled to a judgment on the verdict of the jury because the jury found that deceased paid the July premium to Stephens, and that the defendant received notice of Butler's death within 100 days after his death. Manifestly, payment of the July premium to a person found by the jury to be unauthorized to collect it, and who did not deliver it to the defendant, did not constitute payment of the premium to the defendant. If the premium was not paid to defendant, or an authorized collector, and the defendant did not receive the money, under the provisions of the policy pleaded, the policy lapsed and was not in effect when Butler died.

█ With reference to plaintiff's second contention, that the judgment should be reversed and the cause remanded because the trial court refused to submit the plaintiff's requested special issues, namely, whether Butler was in good health at the time he made the application and whether Butler was in good health from the date of his operation in 1929 up to the date the insurance policy was issued, we think, if said issues were raised by the pleadings and the evidence, it was incumbent upon the defendant, if it desired to rely upon such situation as a defense, to establish the negative of the issues requested by plaintiff. Dorsey Life Ass'n v. Davis, Tex.Civ.App., 90 S.W.2d 270. Plaintiff could not be injured by failure to submit a defensive issue. Furthermore, it is our understanding of the pleadings that such a defense was not pleaded. However, if the plaintiff should otherwise be correct, we cannot know that the requested issues were raised by the testimony for the reason that the plaintiff has not presented to us a statement of facts. The defendant alleged that the policy was void, because the statements in the application upon which the policy was issued, with reference to whether the deceased had ever had appendicitis and had undergone a surgical operation, were false, and material to the risk involved. Said defense, if relied upon by the defendant, was not dependent on any answer to the issues requested by the plaintiff. Such pleaded defense based upon alleged false representations contained in the application is distinct and different from the defense suggested by plaintiff's requested issue, to-wit, that the policy never became effective because of Butler's lack of "good health" at the times the application was made and the certificate was issued and delivered to deceased. Southern Surety Co. v. Benton, Tex.Com.App., 280 S.W. 551.

█ All presumptions are in favor of the correctness of the judgment of the trial court. Error is not presumed. The burden is on the appellant to show affirmatively by the record that error was committed before an appellate court is authorized to reverse the judgment of the trial court. Fitts v. Carpenter, Tex.Civ. App., 124 S.W.2d 420. In connection with issues Nos. 7 to 11, inclusive, we call attention to the decision of this court in National Aid Life Ass'n v. Miller, Tex. Civ.App., 43 S.W.2d 623, 625; Art. 4875a— 15 and Art. 4875a—24, R.S.1936.

After a careful consideration we have concluded that error is not shown. The judgment is affirmed.