No. 11,083.

MRS. LENA BENJAMIN VS. THE CONNECTICUT INDEMNITY ASSOCIATION.

In an action upon a policy of life insurance, although the application is made part of the policy, and the truth of the answers therein made is expressly warranted, breach of such warranty is matter of special plea, and evidence of such breach is not admissible under the general issue, applying the rule frequently recognized by this court that " in relation to the contract of insurance, all matters which go to show the transaction to be *void* or voidable, on the ground of fraud or *otherwise*, must be specially pleaded."

APPEAL from the First District Court, Parish of Caddo. *Hicks, J.*

*Wise & Herndon* for Plaintiff and Appellee:

1. Our law presumes every contract, which does not appear illegal or immoral on its face, to be made for a valid cause and upon a sufficient consideration. 12 An. 35.
2. A life insurance policy is 'such a contract.
3. Defendant pleaded the general issue.
4. To show the policy of insurance to be void or voidable in point of law, on the ground of fraud or otherwise, it must be specially pleaded. 12 An. 35; 17 An. 135; 19 An. 232; 28 An. 917.

*Bell & Randolph* for Defendant and Appellant, cited: Greenleaf on Ev., Part 4, Sec. 376; Bliss on Life Ins., Sec. 44; 6 Martin, N. S., 53; 3 Rob. 351; 7 An. 344; 25 An. 219, 332, 458; 26 An. 298; 27 An. 63, 695.

The opinion of the court was delivered by

FENNER, J. This is an action on a policy of life insurance, one clause of which makes the application on which the insurance was effected a part of the policy and the basis of the contract, which application contains a stipulation making all the statements, answers and representations therein contained express warranties.

The petition and amended petition contained all usual and necessary allegations establishing the cause of action, including one to

the effect that plaintiff "had complied with and performed all the obligations, representations and warranties required and imposed by the contract."

The defendant answered, pleading the general issue without any special defence.

On the trial before a jury defendant offered evidence to prove that certain statements and representations made by the insured in his answers to questions in his application for insurance were not true, and that the policy was, therefore, void by reason of the breach of the stipulated express warranty.

The plaintiff objected to the reception of this evidence on the ground "that such evidence is not admissible or competent under the general issue and that all matters which show the contract to be void or voidable must be pleaded specially."

The judge a quo overruled the objection and admitted the evidence with the qualification that "the evidence is admitted so far as it may disprove any allegations necessary to be proved by plaintiff under the allegations in his petition and documents annexed; but it is not admitted to prove fraud, concealment or misrepresentations not so connected or involved in the pleadings."

Under this ruling the evidence went to the jury, which nevertheless found a verdict in favor of the plaintiff, and from the judgment in accordance therewith the defendant prosecutes this appeal.

The plaintiff and appellee insists in this court upon his bill of exceptions to the ruling of the judge above stated and we must determine that question.

The learned counsel for defendant insists, with great vigor, that the question is controlled by the application of the general principles of law requiring allegation and proof of the performance of conditions precedent as an essential to recovery of any contract depending on such conditions; and that, under the general issue, he has the right to all evidence tending to disprove any fact, the proof of which by plaintiff is necessary to make out his case.

This statement of general principles must be admitted as correct, and it must be further conceded that the warranties here involved belong to the class of *affirmative*, as distinguished from *promissory*, warranties, and do partake of the nature of conditions precedent in the sense that when breach thereof is established it has effect to render the contract void *ab initio*, or rather to prevent it from ever taking effect.

But in the matter of pleading and proof, these general principles, in their application to insurance contracts, have been greatly modified.

As regards the proof even of affirmative warranties, involving the truth of facts existing at the time of the contract and warranted as conditions precedent to the effect of the contract, the Supreme Court of the United States has discharged the insured from the burden of proving compliance therewith, and has thrown upon the insurer the burden of proving a breach thereof, if he relies upon such a defence.

That court said: "The number of the questions now asked of the assured in every application for a policy, and the variety of subjects and length of time which they cover, are such that it may be safely said that no sane man would ever take a policy, if proof of the truth of every answer were an indispensable prerequisite to payment of the sum secured, that proof to be made only after he was dead and could render no assistance in furnishing it. On the other hand, it is no hardship that, if the insurer knows or believes any of these statements to be false, he shall furnish the evidence on which that belief rests. He can thus single out the answer whose truth he proposes to contest, and, if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded. The judge of the Circuit Court was therefore right in refusing to instruct the jury that the burden of proving the truth of these answers rested with the plaintiff below." Piedmont Ins. Co. vs. Ewing, 92 U. S., p. 377.

In that case the particular breach of warranty relied on had been specially pleaded, and, therefore, the court had no occasion to pass on the admissibility of such evidence under the general issue; but it is manifest that all the reasons which induced the court to require that the insurer should " single out the answer whose truth he proposes to contest  *  *  *  and show the facts on which his contention is founded," equally apply as requiring him to notify the insured of such defence by special plea. Otherwise the insured would enter on the trial ignorant of what one of his multitudinous answers would be singled out for contest, and necessarily unprepared to meet his adversary. Indeed, the principle that the defendant carries the burden of proving such defences involves the necessity of specially pleading them, because, under the general issue, his evidence is limited to that which goes to negative those facts which the plaintiff is required to prove in order to recover.

Accordingly the modern rule requiring that such defences should be specially pleaded is supported by ample authority.

Mr. May, in the latest edition of his work on Insurance, referring to matters of defence, such as breaches of warranty, misrepresentations, etc., says:

"Matters in defence can not be availed of unless pleaded. In setting forth the grounds of defence it is not enough merely to negative the truth of a declaration or performance of a condition in the application made by the insured. The particulars in which the untruthfulness or breach consists should be set out as far as can be reasonably done, that the plaintiff may have some notice of what he is to meet. So, where misrepresentation or breach of warranty is alleged, facts from which the court can see that there is misrepresentation or breach of warranty must be stated."

He fortifies this principle by citation of numerous authorities which need not be here enumerated. May on Life Ins., Sec. 591.

Mr. Wood sets forth the same doctrine, as follows:

"The insurer, if it relies on special matter in defence, must set it forth by proper pleas, as such matter can not be shown or relied upon under the general issue, as when fraud is relied upon, or a breach of any of the conditions of the policy, as a refusal to arbitrate." 2 Wood on Ins., Sec. 522; See also Bacon on Benefit Soc. and Life Ins., Secs. 455, 469.

Mr. Cooke in his very recent work on life insurance frankly concedes that these doctrines are contrary to general principles, but concedes that they are well established. He says: "Many of the established principles of the law of life insurance are in direct contrariety to the rule requiring allegation and proof of the performance of conditions precedent;" and again: "The weight of authority is decidedly against the distinction (between representations and warranties) and the prevailing rule is, that the burden of proof of breach of a warranty rests on the insurer as well as does the burden of proof of a material representation. It would seem, however, that we have here another instance of a plain departure from a settled doctrine of the common law, that one seeking to enforce a contract must prove the performance of conditions precedent." Cooke on Life Ins., Secs. 123, 14, 93.

Finally, this court, in a line of decisions, has maintained the principle announced by Mr. Arnould in his work on insurance, that, as

relates to policies of insurance, "all matters in confession and avoidance, including not only those by way of discharge, but those also which show the transaction to be *void* or voidable, on the ground of fraud *or otherwise*, shall be specially pleaded." 2 Arnould on Ins., p. 1287; Pino vs. Merchants' Ins. Co., 19 An. 214; Theodore vs. Ins. Co., 28 An. 917; Flynn vs. Ins. Co., 17 An. 135; Katheman vs. Ins. Co., 12 An. 35; Kennedy vs. Ins. Co., 10 An. 809; Manning's Unrep. Cases, 169.

We conclude that the foregoing authorities fully maintain the rule invoked by plaintiff that the matters of defence here involved required to be specially pleaded, and that the evidence in support thereof was not admissible under the general issue.

It is not denied, however, that there is a conflict of authority on the question, and counsel for defendant are supported in their views by very respectable precedents. Their error, fortunately, has not prejudiced their client; for, upon the evidence as received and brought up, we could not have reversed the judgment.

Judgment affirmed.