This proceeding started in the district court of Carter county by the filing of a petition by May Mulkey, the present plaintiff in error, against the present defendant in error, James J. Wallrapp, in which the plaintiff seeks a judgment holding that she is entitled to an undivided one-half interest in and to the south 50 feet of lot 2, block 414, in the city of Ardmore, and seeking an accounting for rents collected by defendant since March, 1923.
She deraigned title through a deed made *Page 234 
by the defendant below, defendant in error here, on the 8th of March, 1922, conveying to James H. Mulkey and his wife, May Mulkey, the plaintiff in error the entire property. The defendant answered, admitting the acquisition by plaintiff of an undivided one-half interest in the property, but claiming a surrender and abandonment of the property to the defendant, and averring that the consideration for the property was furnished by James H. Mulkey, and that her sole interest was that of wife. He set up two mortgages, one to the defendant and the other to the Local Building Loan Association of Oklahoma City. He claimed that the property had been sold as being the property of her husband in a bankruptcy proceeding of the husband and subject to the mortgage, and that he had bought the equity for $300. The various proceedings were set out and averment made that the plaintiff had full knowledge of the sale and the claims of the husband to own the property, and had made no complaint, and there was a prayer to quiet the title.
There was in a cross-petition, a prayer for foreclosure of both mortgages on the plaintiff's interest in the property, and for a personal judgment against the plaintiff for $5,100, with interest thereon at 10 per cent. in accordance with the payments that had been made on the mortgage, and $350 for attorney's fees, and for the recovery of $1,075, with interest at 10 per cent. from March 24, 1923, and $100 attorney's fees on the second one. Prayer was that the money derived from the sale be applied to the satisfaction of the claims of cross-petitioner's interest, attorney's fees and costs, and the remainder, if any, be disposed of according to the order of the court.
The case was tried on stipulation of facts, which can be found on page 41 of the record. It recited the trade of the property to the plaintiff and her husband for an exchange of land, and its being discovered that the land had judgments that were liens on it, and that in order to provide for these judgments, the mortgage was executed for $3,500 to the Local Building Loan Association, and the money procured and paid on the judgments, and that a second mortgage was executed to the defendant below for $1,075. The entry into bankruptcy of the husband is recited, and his listing the property as being his own, and its being ordered sold as his property and subject to the Incumbrances and taxes, and the confirmation of the sale, and the payment of the $300 in money for the equity. The tenth paragraph is as follows:
"10. That the plaintiff had both actual and constructive knowledge and notice of said bankruptcy proceedings and both actual and constructive knowledge and notice of said sale, and made no objection thereto or protest thereagainst, and from and after confirmation of said bankruptcy sale and execution of said trustee's deed, defendant has been in peaceable possession of said property, has held, used, occupied and possessed the same from that time until this date, and still holds and possesses the same."
The eleventh paragraph showed rents received, $2,170, and improvements made and insurance paid, $2,6355.80; that the plaintiff knew nothing of these expenditures. Both mortgages were past due when Wallrapp bought the property at bankrupt sale, and there were delinquent taxes on it amounting to $168.80, and the first mortgage was paid off by Wallrapp by various payments beginning on the 20th of March, 1923, and ending on the 24th of February, 1925, and the plaintiff was jointly and severally liable for both debts. The 15th paragraph is as follows:
"15. It is further stipulated that Wallrapp believed in good faith, at the time he bid for and bought the property at bankruptcy sale, that he was acquiring and did thereby acquire the whole, undivided, fee-simple title to said property."
The mortgages are set out in the agreed statement, and a list of taxes paid is set out, and also the petition in bankruptcy, verified by the husband, scheduling this property as his own, subject to the two mortgages, together with the bankruptcy proceedings and petition of the trustee to dispose of the property in which he claimed that the two pieces of property listed were worth about $9,000, but would not sell for more than enough to pay the incumbrances. He asked leave to sell subject to the liens. A trustee's report of sale is set out, and also his final report.
Some exception was taken by the plaintiff to parts of paragraphs 2 and 3 of the agreed statement, upon the ground that they did not prove any issue, and also three lines in paragraph 7, as to the husband testifying under oath about his being the sole owner of the property. Objection was made to the allowance in the accounting of the $300 item paid for the equity, and also for items of repairs and improvements, etc., as not being proper items, but no objection to the taxes paid, and also objection was made to the item of $4,890.04 paid on the first mortgage. There was a waiver of right to *Page 235 
enter judgment for a deficiency on the foreclosure of the $3,500 mortgage.
A journal entry of judgment was made upon the stipulation of facts, finding that each of the parties was the owner of a half interest in the property, and that the defendant holds a valid second mortgage on plaintiff's undivided one-half interest, given by the plaintiff to secure $1,075. The order in the judgment fixed the interest of the parties at one-half each, and quieted the title of Wallrapp to the one-half, and found the other half to be subject to the mortgages, and denied plaintiffs prayer for judgment for rents and profits. It provided for the recovery from the plaintiff, May Mulkey, of $3,500, and interest at 8 per cent. from March 21, 1922, and $350 attorney's fees, and also for the recovery of $1,075, with interest at 8 per cent. from March 30, 1922. It adjudged that the defendant held a mortgage upon the one-half interest to secure both sums, and provided for an execution to issue at the end of six months, and the sale of the undivided one-half, and that the proceeds be applied to the payment of the judgment, and the balance, if any, to be applied as the court might direct. In case of the proceeds being insufficient, it provided for no deficiency judgment on the $3,500 claim and interest, but provided for a deficiency judgment on the $1,075 claim. Objection was made to the rendition of judgment against the plaintiff, and to the action of the court in denying an accounting as to the rents and profits.
A brief has been filed by the plaintiff below, the plaintiff in error here, in which the action of the court is complained of, and the complaint is that the court erred in overruling the plaintiff's demurrer to the defendant's answer and cross-petition, and the judgment was contrary to the law and the evidence. The position is taken that the statute of limitations barred a recovery by the defendant on the mortgage that he took up, and the argument is made that under the petition the defendant below assumed the first mortgage on March 10, 1923, and that the suit was instituted on February 6, 1929, only two weeks short of six years from the date the defendant assumed the first mortgage, and it is stated that it would probably be contended that the statute of limitation did not start until the mortgage was due. It is claimed that the second mortgage was surrendered on March 10, 1923. Warner v. Mason, 109 Okla. 13, 234 P. 747, is cited as bearing upon the proposition.
On the second proposition, the doctrine of subrogation is discussed, and several cases are cited from this court and others to the effect that a volunteer was not entitled to subrogation, and the position is taken that some cases have held that a purchaser of land could not be subrogated as a lienholder for the amount of the incumbrances which he had agreed to pay and did pay, and that making a mistake would not help. Complaint is made about ordering the sale of the one-half interest to pay the entire debt, thereby giving the defendant his one-half free and clear. Complaint is made of the court's not allowing for rents, and it is claimed that the defendant has received $2,170 in rents, and has paid out $1,378.30 for taxes, which is admitted to be a correct charge, and spent $1,257.50 for improvements and repairs without the knowledge or consent of the plaintiff. Section 7360, C. O. S. 1921, is cited on the subject of contribution.
Under the agreed statement in this case, had the defendant in error looked to the record alone, he would have known that the plaintiff had the record title to one-half interest. Her husband, in going into bankruptcy, listed the entire property as his own, and verified it as such. His interest was not thought to be worth much, though he was the full owner, according to the view the bankrupt officials had of the matter, subject to the first and second mortgages. His equity was sold subject to the mortgages, and the defendant paid $300 for it.
We think the court should not have subjected plaintiff's one-half interest to the satisfaction of the full amount of the notes. It is true that the plaintiff had signed notes, and that the notes had not been paid by her at the time of the decree in this case. Defendant, by his purchase, succeeded to the rights of the husband, his predecessor, who as between himself and plaintiff was justly bound to pay one-half the incumbrances. The interest was acquired by the defendant below, and along with it was acquired the burden. By the transactions, defendant became the holder of both mortgages.
We think, therefore, that the court erred in decreeing the one-half interest found to belong to the plaintiff, subject to the entire debt. If the property was to be divided into two parts so far as interest was concerned, the incumbrance should be divided into two parts, so that the one-half belonging to the plaintiff would be subject to sale only for one-half of the amount equitably chargeable thereto.
We hold that the statute of limitations *Page 236 
has not run in this case. Evidently one-half of the improvements were for the benefit of the plaintiff, and she should be charged with one-half of the cost in the accounting, and should be credited with one-half of the rents received. She should also be charged with one-half of the taxes paid, and she should be charged with one-half of the amount of the mortgages with interest, as set out in the judgment, and one-half of the attorney's fees should be charged to her, and the property subjected to the satisfaction of the amount so found, and judgment rendered in favor of defendant in error against plaintiff in error for such amount and costs. The costs of the proceeding in error are to be taxed to defendant in error, and if not paid should be included in the accounting.
Ulaintiff stood by without objections for six years, and according to this record she knew all of the proceedings in the bankruptcy, wherein her husband claimed to own all. The court, correctly, as we think, held that she did not lose her right to her interest in the property. The costs of the foreclosure should be paid out of the fund realized in the foreclosure, and after these are paid, one-half of the taxes due on the land should be paid, and the balance of what the property sells for should be applied to the satisfaction of defendant in error's claims. The remainder, if any, should be paid to the plaintiff below.
The case is reversed and remanded, with directions to proceed in accordance with the views herein expressed.
LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and HEFNER JJ., absent.