Total liabilities ............................................. $401,445.90

No. 30,797.

JAMES LAYNE, *Appellee*, v. THE SPOT CASH INSURANCE COMPANY, of Topeka, *Appellant*.

(16 P. 2d 484.)

Opinion filed December 10, 1932.

*C. A. Leinbach,* of Onaga, and *L. W. Johnson,* of Kansas City, for the appellant.

*Dorsey Green* and *A. M. Etchen,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a $500 policy of life insurance issued by defendant to plaintiff's wife, and in which he was named beneficiary.

The wife died; defendant refused to pay, and this action followed.

Defendant pleaded breach of warranty in that insured made false statements in her application for insurance touching her condition of health and concerning her abstention from the use of intoxicating liquor. Other defenses were that by the terms of the policy it was not to take effect unless the insured was in good health when it was delivered; that she was afflicted with various grave diseases of long standing which affected her stomach, heart, liver, kidneys;

that she had venereal disease at the times of the application and delivery of the policy; and that she died of those maladies about two months after the policy of insurance was issued.

Plaintiff joined issue on these defenses by a general denial. A jury was waived and the cause was tried by the court. The controlling issues were found in favor of plaintiff and judgment was entered accordingly.

Defendant appeals, contending first that the trial court's findings were not supported by the evidence. These findings were not formal. Rather were they an informal opinion of the trial court, and mainly explanatory of its general conclusion and judgment in the action. No request was made for special findings, and it does not appear that counsel for defendant attacked these so-called findings by motion to set them aside, nor were they complained of in the motion for a new trial. Consequently, if they should be regarded as findings of fact within the meaning of the civil code (R. S. 60-2921) they will have to stand. (*Huber v. Claudel,* 71 Kan. 441, 445, 80 Pac. 960; 3 C. J. 987; 38 Cyc. 1990.)

It is next urged that the trial court's findings were in conflict with the evidence. Our perusal of the record constrains us to say that they were not at variance with those portions of the evidence, including the oral testimony, to which the trial court gave credence.

It is next contended that the trial court's conclusion of law, relative to the policy contract, was erroneous. On this point appellant directs our attention to a clause in the policy which provides that it was not to take effect unless delivered while the assured was in good health. Whether she was in good health at the time of its delivery was an issue of fact raised by defendant in the trial court. The burden of that defense was on defendant; it did not sustain it; and the trial court's general finding and judgment settled it.

The next error urged relates to the trial court's conclusion of law relative to the warranties in the application for insurance. Under this assignment defendant says that the testimony adduced by it to show that the insured was addicted to the use of intoxicating liquors cannot be controverted. But it was controverted, quite effectively, too. There was positive testimony that the insured not only did not use intoxicants but would not permit them to be brought into her home. On this point the trial court's informal opinion—or findings—is illuminating. In part, it reads:

"THE COURT: . . . I am convinced from the great weight of the testi-

mony, that this woman, the plaintiff's wife, is not a drinking woman. She was a good woman, and led a good life."

This was simply a fact case. The abstract presented by appellant reveals no error. The transcript, to which we have also had recourse, suggests nothing to justify a misgiving that justice may have miscarried.

The judgment is therefore affirmed.