CARMINE RUGGIRO, ADMINISTRATOR OF THE ESTATE
OF FRANCESCA RUGGIRO, DECEASED, PLAINTIFF-
RESPONDENT, v. THE PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, A DOMESTIC CORPORATION, DE-
FENDANT-APPELLANT.

Argued May 2, 1934—Decided October 18, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Harry H. Harris.*

For the defendant-appellant, *John Drewen.*

The opinion of the court was delivered by

CASE, J. The Prudential Insurance Company of America
appeals from a judgment in the amount of $500 and costs
which was directed against it in the District Court of the
First Judicial District of the county of Hudson in favor of

Carmine Ruggiro, administrator of the estate of Francesca Ruggiro, deceased. The action was upon a life insurance policy covering the life of the decedent. The appellant complains that the trial court erred in refusing defendant's motions for nonsuit and for a direction of verdict in its favor and in suppressing the defense.

Under the authority of section 61 (b) of the act concerning District Courts (2 *Comp. Stat., p.* 1971), plaintiff endorsed upon the state of demand a notice that the defendant was required to file written specifications of defenses intended to be made in the action on or before the time specified for appearance in the process issued in the cause. The state of demand was filed September 19th, 1932, and it is assumed that the time for appearance specified in the summons was shortly thereafter. The trial did not occur until February 15th, 1934, and it was not until then that the written specification of defenses was served or filed; and the fact that a filing had that day been attempted was not disclosed until plaintiff's case was closed and the defendant undertook to present witnesses. On plaintiff's motion to suppress the defense the trial court directed that the defendant might defend upon terms and that the terms were that it should pay the "costs of court, jury fees, and $25 counsel fee; and that unless that is done and paid, the defense will be suppressed." The defendant did not meet the terms and the defense was suppressed. There was no exception taken and there was no objection expressed except in these words of defendant's attorney: "I think I would object to your honor's terms. Your honor thereby suppresses my defense."

The point now attempted to be made is that "not only were the terms imposed by the court on the defendant a gross abuse of the court's discretion but a District Court judge has no power to require the payment by one party of a counsel fee to the other." Section 61 (b) of the statute, *supra,* contains these words: "In case the defendant fails to comply with such demand and serve such copy within such time, he shall be barred from making any defense to said action; but the court, at or before the trial of the action, upon terms,

may permit such defendant to file and serve or amend such specifications." The specification of defenses was not filed on or before the time specified for appearance in the summons and therefore was not filed within the time limited by the statute. The defendant had subjected itself to a statutory bar, wherefrom the court had power to relieve upon terms. The only criticism presented on behalf of the defendant is that the court had no authority to allow a counsel fee. But the allowance was not of a counsel fee as that expression is ordinarily understood. It is apparent that the court considered that the specification which the defendant attempted to file on the day of the trial was such as to require a postponement of the trial and that the plaintiff should be saved from the expense of the mistrial thus resulting from defendant's failure. To that end the defendant was called upon to meet the day's disbursements, namely, the court fees, the jury cost and a contribution towards the day's legal charge. That, we think, was reasonably within the intent of the statute and was not an abuse of discretion by the trial court.

The reasons given in support of the motion for nonsuit were that the plaintiff had failed to prove payment of all the premiums which had become due on the policy and also that the plaintiff had failed to prove that the decedent was in sound health at the time the policy was issued and that these matters were conditions precedent which the plaintiff was under the obligation to prove before recovery could be had. In *Moyna* v. *Prudential Life Insurance Co.*, 96 *N. J. Eq.* 293, Chief Justice Gummere, speaking for the Court of Errors and Appeals, said: "If the beneficiary sues on the policies, she is bound to prove the existence of the facts which make them presently payable, that is to say, she is bound to prove the death of the insured and that the premiums have been paid up to the happening of that event in accordance with the requirements of the policies." Plaintiff contends that that statement is *obiter dictum*. Perhaps so, but it is an apt and comparatively recent expression by our highest court, which we do not feel at liberty to disregard. The very first words of the policy are: "In considera-

tion of the payment of the weekly premium herein specified." There can be no doubt that the policy requires the weekly premiums to be paid up to the time of the death; and as there was no competent proof that that requirement had been complied with, we conclude, on the strength of the cited case, that the nonsuit should have been granted.

The policy further provided: "Preliminary provision—This policy shall not take effect if the insured die before the date hereof, or if on such date the insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned." We think that the delivery of the policy, the acceptance of the initial premium and of some of the subsequently accruing premiums by the insurer, and the treatment of the policy by the insured and the company as a subsisting contract set up a presumption that the insured was in sound health on the date of the policy. 1 *Cooley's Briefs on Insurance,* 668; *Mohr* v. *Prudential Insurance Co.,* 32 *R. I.* 177; 78 *Atl. Rep.* 554. This does not result in a shifting of the burden of proof to the defendant but does create a presumption whereby the burden, until something is done to restore it, is lifted.

The judgment below will be reversed, for the failure of proof as to the payment of policy premiums to the end that a new trial be had.