ALEXANDER MATEJUNAS, as Administrator, etc., of STANISLAUS MATEJUNAS, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.—Action on three industrial insurance policies issued on the life of plaintiff's intestate on November 24, 1930. Each policy contained a condition that it should not become effective if on the date thereof the " insured be not in sound health." Defendant alleged a breach of this condition, asserting that on the date of the issuance of the policies the insured was not in sound health but, on the contrary, that he then was and for many months prior thereto had been continuously suffering from an incurable and progressive fatal disease. Defendant also set up as a defense a breach of the condition requiring due proof of death. After a trial of the issues in the City Court of Yonkers, the jury returned a verdict in favor of the plaintiff; and from the judgment entered thereon defendant appeals. Judgment of the City Court of Yonkers reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The evidence offered by defendant showed that at the time the policies were issued, and for approximately a year prior thereto, the insured had suffered from carcinoma of the stomach; that in the

early part of 1930 he had been in a hospital and had there undergone an operation; and that at intervals before and after the issuance of the policies he had received sick benefits from two fraternal societies. The burden of proving the insured's soundness of health at the time the policies were issued was on the respondent. This burden he did not attempt to sustain. To prove unsoundness of health, the appellant went as far as the rules governing the admission of testimony by attending physicians would permit. In the face of such testimony the respondent offered nothing by way of rebuttal of the presumption of unsound health thus established. The only evidence in his behalf was to the effect that defendant's physician had examined the insured and that thereafter " he received the insurance." The nature of the illness was not disclosed to the physician, and it may have been such that the ordinary examination would not disclose it. "All evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other to have contradicted." (*Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Blatch* v. *Archer*, 1 Cowp. 63, 64; *Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522, 526, 527.) The plaintiff created no triable issue and his complaint should be dismissed. Although not necessary to this decision, we are of opinion that the condition requiring due proof of death was not breached. Appeal from order denying motion to set aside the verdict and grant a new trial dismissed. There is no such order in the record. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.