James A. Heffernan, as Administrator, etc., of Mary Sawyer, Deceased, Plaintiff, v. Metropolitan Life Insurance Company, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 12, 1935.

*James M. Grady*, for the plaintiff.

*Tanner, Sillcocks & Friend* [*Leonard M. Gardner* of counsel], for the defendant.

Sulzberger, J. The plaintiff, as administrator of the estate of Mary Sawyer, seeks to recover on a policy of life insurance issued by the defendant on July 16, 1934, upon her life.

Said policy provided, among other things, under the heading of " Conditions," that " if (1) the assured is not alive or is not in sound health on the date hereof, or * * * if (2) * * * within two years before the date hereof, been attended by a physician for any serious disease or complaint * * * the Company may declare this policy void," etc.

The defendant contends that the insured at the time of the issuance of the policy was not in " sound health " and that the evidence adduced at the trial in support thereof was sufficient to warrant this court in dismissing the complaint on the merits. The burden of proving the soundness of health of the insured was not upon the plaintiff but the burden of proving the opposite was upon the defendant. (*Forame* v. *Metropolitan Life Ins. Co.*, N. Y. L. J. Oct. 26, 1935, p. 1512.)

The defendant contends that it has met this burden and that the burden thereupon shifted to the plaintiff, which the plaintiff failed to meet.

The record discloses that the insured died on March 14, 1935, from an abcess of the liver; that on May 21, 1934, almost two months prior to the issuance of the policy, the decedent went to the out-patient department of Bellevue Hospital; that she was sick, and that she received treatment there; that from May 22, 1934, to June 2, 1934, she was treated every day at the hospital, and that thereafter she was similarly treated at least three or four times a week until August 23, 1934; that the dates of treatment included July 12, 1934, four days before issuance of the policy, and July 17, 1934, the day after the issuance of the policy by the defendant.

There was no contradiction of this proof and no evidence by the plaintiff to show that the insured was well or in sound health at the time of the issuance of the policy except the statement of the plaintiff that the insured, prior to and subsequent to the issuance of the policy, " positively " appeared to be in good health.

It is not reasonable to suppose that a person attending the out-patient department of a hospital for a period beginning May twenty-first and ending August twenty-third, as frequently as the record discloses, is in " sound health " on the date of the issuance of the policy, namely, July sixteenth. The plaintiff could have offered proof to disprove this condition. Having failed to do so, the complaint must be dismissed. (*Palmer* v. *John Hancock Mutual Life Ins. Co.*, 150 Misc. 669.)

Accordingly, the complaint is dismissed.

So ordered.