# ROSENBLUM v. SUN LIFE ASSUR. CO. OF CANADA

(No. 2006; February 23, 1937; 65 Pac. (2d) 399)

196

For the appellant, there was a brief and an oral argument by *C. R. Ellery* of Cheyenne.

For the respondent there was a brief and oral argument by *W. G. Phelan* of Cheyenne.

*C. R. Ellery* in reply.

BLUME, Chief Justice.

On March 11, 1932, Clarence Rosenblum, of Cheyenne, Wyoming, made a so-called non-medical application for a policy of $2000 on his life, to the Sun Life Assurance Company, hereafter referred to as the insurance company or as the defendant. The applicant was then 18 years of age; his beneficiary was his father, Jacob Rosenblum, plaintiff herein. The applicant, answering certain inquiries, stated that he was in good health, and agreed—a clause also substantially contained in the policy, that "said policy shall not take effect until the first premium has been paid during my life and good health." He paid the first premium at the time of the application to defendant's agent, C. H. Hoffhine. The defendant issued a policy, dated March 25, 1932, in suit herein, pursuant to the application. It contains a clause of incontestability, etc., as follows:

"The policy is issued in consideration of the representations and agreements contained in the written application therefor and together with such application, a copy of which is attached hereto and made a part hereof, shall constitute the entire contract between the parties hereto and shall be incontestable after the policy has been in force during the life time of the assured for a period of two years from the date of issue except for non-payment of premiums and except as to provisions and conditions relating to disability and double indemnity benefits if any. All statements made by assured shall, in the absence of fraud, be deemed representations and not warranties, and no statement shall void the policy unless it is contained in the said application and a copy of the application is attached to this policy when issued."

The insured died on March 3, 1934, a few days prior to the expiration of the two years mentioned in the

policy, and the insurance company refused to make payment thereon. Thereupon, the beneficiary under the policy brought an action in the district court of Laramie County to recover the amount of $2000 claimed to be due on the policy. The petition alleges that the insurance company is a corporation authorized to do business in the state of Wyoming; that it issued its policy on the life of the assured as above mentioned; that the assured died on March 3, 1934, while the policy was in full force and effect, and before any default in the payment of any premium due thereunder; that due notice of the death of the assured was given to the insurance company, and that "the plaintiff has done and performed each and every act and thing required of him to be performed under the terms of the policy and has demanded payment of the amount due thereunder." Judgment is asked for the sum of $2000. The defendant answered, admitted its corporate existence and the issuance of the insurance policy in suit. It pleaded that the application for the policy, and the policy, contain the statement that "said policy shall not take effect until the first premium has been paid during my life and good health," and that this provision had not been complied with, for the reason that at the time when the first premium was paid, Clarence Rosenblum was not in good health. Repayment of the premiums paid was tendered. Five separate affirmative defenses were interposed, all based on the ground that certain answers and statements of the insured in the application for the insurance policy were fraudulent. It is not necessary to mention the facts in reference thereto in detail, for the reason that no testimony in regard to them was introduced in the evidence. Plaintiff demurred to the answer. The demurrer was overruled. Plaintiff thereupon filed his reply, setting forth section 57-232 of the Revised Statutes of Wyoming, 1931, and alleging that defendant had waived its right of attack-

ing the policy of insurance on the ground of fraud, for the reason that it failed to attack it within two years as required by the statute just cited.

The case was tried to the court. The plaintiff introduced the policy in question in evidence. He testified that he lived, and had for many years lived, at Cheyenne, Wyoming; that the insured was his son; that the latter died on March 3, 1934. It was stipulated between the parties that the insured obtained the policy of insurance in question, and that premiums due thereon up to the time of the death of the insured were duly paid, the receipts, duly issued by the insurance company, reciting payment by the insured. It was further stipulated that payment on the policy was duly demanded and refused. Plaintiff thereupon rested. The defendant company then moved for judgment on the ground that the petition fails to state a cause of action, and that the evidence in the case is insufficient as a matter of law to sustain any liability on the part of the defendant company. The court overruled the motion; the insurance company elected to stand thereon, and judgment was thereupon rendered in favor of the plaintiff, from which the defendant company has appealed.

The controversy on this appeal is concerning the effect of the clause, contained in the application and the policy, which reads: "This policy will not take effect until the first premium shall have been actually paid during the life and good health of the assured." This clause will be mentioned hereafter as the "health clause." The defendant contends that this clause constitutes, or creates, a condition precedent, and that fulfillment thereof must be pleaded and proved by the party suing on the policy; that in view of the fact that this has not been done, the petition is fatally defective, and the plaintiff has not shown himself entitled to recover herein. It may be noted that while it was pleaded

that *plaintiff* performed all conditions precedent, it lacks an allegation in that respect on the part of the *insured*.

Speaking of the subject of conditions, it is stated in Corbin's Anson on Contracts (1924), page 434, that there is no doubt "that the law on this subject needs entire reconstruction and restatement, that there is no existing test capable of logical definition, and that the rules are largely arbitrary as well as conflicting. Such rules as now exist will frequently be found to be based on false logic and on more or less ill-defined notions of public policy."

In section 250 of the Restatement of the Law of Contracts, a condition precedent is defined as a fact which "must exist or occur before a duty of immediate performance of a promise arises." Under that definition, a contract containing such condition comes into existence, but need not be performed until the condition is fulfilled. Some authorities, however, recognize two kinds, namely, a condition precedent which must be performed before the agreement of the parties becomes a binding contract, or a condition which must be fulfilled before the duty to perform arises. Hurt v. Life Insurance Co., 51 F. (2d) 936; 13 C. J. 564; Sec. 34, Columbia L. R. 605. And it is said in Williston on Contracts (2nd Ed.), section 666 A, after mentioning substantially the statement in the Restatement above mentioned that "one may also speak of a condition precedent to the existence of a contract." But in section 666 the authors state that "generally in contracts, when reference is made to conditions, what are meant are conditions which become operative after formation of the contract and qualify the duty of immediate performance of a promise or promises thereunder—not conditions which qualify the existence of a contract or promise." The distinction seems to be of some value in connection with the subject before us, when, as here,

the policy contains a provision of incontestability. It is, for instance, asked in Crawford v. Life Insurance Company, 278 Ill. App. 576, 594; "If the policy never took effect, how could it become incontestable?" And in Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714, it is stated that "the idea that a contract not in existence should become incontestable is elusive." In both of these cases' the courts understood by a condition precedent, a condition which would prevent the contract from becoming effective, and they used this argument to show that the conditional clause as to the health of the insured could not be a condition precedent. In Hurt v. Life Insurance Company, supra, on the other hand, the court construed such clause as containing a condition which permitted the contract to come into being, but required it to be fulfilled before the insurance company was required to perform, and hence permtited the incontestability-clause in one of the policies to become effective.

In view of the fact that plaintiff who seeks to subject a defendant to liability should show the reasons and the facts which create the liability, it has always been accepted as true, unless, perchance, there were countervailing reasons, that "in a case of a condition precedent the plaintiff must set out the condition as well as the promise, and must allege and prove the happening of the condition in order to establish the defendant's breach of contract." Williston, supra (2nd Ed.), Sec. 667 A; Moody v. Ins. Co., 52 O. S. 12, 38 N. E. 1011; Corbin's Anson on Contracts, supra, p. 433, and note on that and succeeding page; Clark on Code Pleading, p. 191; Couch, Cyc. of Insurance Law, Vol. 8, p. 6829; Redman v. Aetna Ins. Co., 49 Wis. 431, 4 N. W. 591; American Central Life Ins. Co. v. Alexander, (Tex.) 56 S. W. (2d) 864; McNulty v. Land Company, 44 Cal. App. 744, 187 Pac. 97; Hennesey v. Life Ins. Co., 74 Conn. 699; Cooley, Briefs on Ins. L., 3, p. 1964; 37

C. J. 607; 21 R. C. L. 462; and see, on the subject of pleading, Lusk Lumber Co. v. Ind. Prod. Cons., 35 Wyo. 381, 249 Pac. 790. Nor can we doubt that the language of the health clause in controversy, standing by itself, creates, on its face, a condition precedent. 1 Cooley, Briefs on Insurance, p. 469; Cases in 59 A. L. R. 614. It is stated in Williston on Contracts (2nd Ed.), Sec. 667 A, that clauses which provide "that the policy shall become void, or its operation defeated or suspended, or the insurer relieved wholly or partially from liability," etc., while treated by the courts as conditions subsequent, are in fact conditions precedent, "except for purposes of pleading and proof." Many cases are cited, and there is no doubt that courts have not, on account of countervailing reasons, always applied the rule governing conditions precedent in other cases, to language which, on its face, creates a condition precedent in insurance policies, particularly life insurance policies, and merely because a decision holds that a health clause like that in controversy here is a condition precedent, does not necessarily mean that the same court would hold that a plaintiff must plead and prove fulfillment thereof. See, e. g., Logan v. Ins. Co., 107 Wash. 253, 181 Pac. 906. Many of the decisions, including most of the authorities cited by defendant, do not deal with the question of pleading and burden of proof, and cannot, accordingly, be regarded as authority herein. In fact, judging from the cases generally, insurance companies have ordinarily assumed the burden in these respects. There are, however, two lines of decisions. We shall proceed to consider them.

In Volunteer State L. Ins. Co. v. McGinnis, 29 Ga. App. 370, it was held—citing two other Georgia cases —that in a suit on a policy containing a health clause similar to that in the case at bar, no cause of action is set out unless it is alleged that the policy was delivered and the premium paid during the good health of the

insured, or unless it is sufficiently pleaded that the condition was waived. That court also doubtless would hold the burden of proof of good health to be on the plaintiff. See as seemingly contra: Gulf Life Ins. Co. v. Davis, 52 Ga. App. 464, 183 S. E. 640. In Hennesy v. Ins. Co., 74 Conn. 699, 52 Atl. 490; Sortito v. Ins. Co., 108 Conn. 163, 142 Atl. 808, in which it appears that the truth of the answers in the application as to good health was made an essential condition of the policy, it was held that the plaintiff must allege and prove the truth of the answers, but that upon the trial of the case, it will be presumed that the answers were true, shifting the burden to go forward. In Greenbaum v. Ins. Co., 62 F. (2d) 56, it was stated concerning a health clause like that in controversy, that "regardless of what may be necessary in a particular case to prove sound health as of the decisive time either prima facie or ultimately, we think it is a condition precedent with the burden on the plaintiff to prove by a preponderance of all the evidence in order to show that the defendant ever became bound as an insurer." In Massachusetts it is held that a health clause like that in controversy is a condition precedent, and that the burden of proof of good health is on the plaintiff. Lee v. Ins. Co., 203 Mass. 299, 89 N. E. 529; Fondi v. Ins. Co., 224 Mass. 6, 112 N. E. 642; Ansin v. Ins. Co., 241 Mass. 107, 134 N. E. 350; Larsen v. Ins. Co., 289 Mass. 573; 194 N. E. 664; Mut. Life Ins. Co. v. Royal, (Mass.) 197 N. E. 646. This doubtless implies that the plaintiff must plead fulfillment of the condition, or facts from which fulfillment may be presumed or inferred. It was held in Lee v. Ins. Co., supra, that "it is a matter of common knowledge that life insurance companies do not issue such policies until they have received what they regard as satisfactory evidence that the person to be insured is in good health"; that in view of the delivery of the policy and the declarations made by the party in the

application, the question of health should be left to the jury. See also Jones v. Ins. Co., 168 Mass. 245. In Mohr v. Ins. Co., 32 R. I. 177, 78 Atl. 554, it is held that such clause creates a condition precedent, the fulfillment of which must be proved by the plaintiff, but that testimony of the receipt of the premium and the delivery of the policy raises the presumption that the insured was in good health, shifting to the defendant the burden of going forward. That, too, is substantially the holding in Ruggiero v. Ins. Co., 113 N. J. L. 561, 174 Atl. 882; and Weddle v. Ins. Co., 130 Nebr. 744, 266 N. W. 624, except that in the latter case the court does not definitely state that the burden of proof is on the plaintiff, and adds that in order that an insurance company may *defend* under the health clause in controversy, it "must allege and prove a return or a tender of the premiums," thus apparently throwing the burden of pleading and proving want of good health on the insurance company. To the same effect as the foregoing, but without fixing the burden of proof of fulfillment of conditions precedent, is the rule laid down in 37 C. J. 635, that "a prima facie case in favor of plaintiff's right of recovery ordinarily is established by proving and introducing the policy and proving the payment of premiums, the fact of insured's death, the giving of notice and proofs thereof to defendant and the non-payment of the insurance." The rule has been applied in cases involving a health-clause similar to that here in controversy in Arkansas, Missouri and North Carolina. Sovereign Camp W. O. W. v. Cole, 191 Ark. 893, 91 S. W. (2d) 250 and cases cited; Streeter v. Ins. Co., 229 Mo. App. 33, 68 S. W. (2d) 891; Perry v. Life & Annuity Co., 150 N. C. 143, 63 S. E. 679. And the Supreme Court of Minnesota has held that plaintiff makes out a prima facie case by putting the policy in evidence, shifting the burden to go forward and show non-compliance with a condition prece-

dent (here relating to the payment of the premium) to the insurance company. See also Feinberg v. Aetna Life Ins. Co., (Cal. App.) 56 P. (2d) 1269, and Reliance L. Ins. Co. v. Gulley's Admx., 134 Va. 468, 114 S. E. 551.

If the authorities so far cited state the correct rule—and we should go at least that far—then the plaintiff in this case made out a prima facie case. Counsel for the insurance company, however, maintains that under these authorities the plaintiff was aided by a presumption; that a presumption arises in a case only in connection with the proof therein, and does not arise at any prior stage of the proceeding, and that hence, even though the plaintiff in this case was not compelled to prove the specific fact of good health of the insured at the time of the payment of the first premium, still the petition is fatally defective for failure to allege it. It is apparent, of course, that when a specific fact need not be proved by plaintiff, an allegation in that connection is rather an empty formality. And it would seem reasonable, in order to avoid such empty formality, that when facts are pleaded from which the presumption arises, these facts might well be provisionally accepted as true, until denied, so as to give rise to the presumption at that stage. And so it is held, for it is stated in 49 C. J. 39 that "there need be no direct allegation of fact which is necessarily implied from other averments, and presumptions of law need not be pleaded, even, it has been held, although they are prima facie only." See also Hartford F. Ins. Co. v. Kahn, 4 Wyo. 364, 34 Pac. 895. In the case at bar all the requisites mentioned in 37 C. J. 635 appear from the petition, and in addition thereto the answers of the decedent to the interrogatories propounded to him, and his statement that he was in good health at the time of the application appear in the application attached to the policy and made a part of the petition in the case.

If, however, we are wrong and the presumption cannot arise at that stage of the case, all the foregoing facts, except the fact as to the health, and sufficient facts to give rise to the presumption above mentioned according to the foregoing authorities, were admitted or not denied. They were then accepted as true, and no good reason would seem to exist why they should not then give rise to the presumption. But if such apparently reasonable conclusion is not sound, then we find that all of the foregoing facts appeared at the time of the trial by the introduction of the policy, etc. No objections were raised to the introduction of the testimony. All went into the record without objection. In such case we consider the petition amended, if in fact defective. Chicago & N. W. R. R. Co. v. Ott, 33 Wyo. 200, 212, 238 Pac. 287, and cases cited.

Pursuing the subject further, it is stated in 37 C. J. 616 that "by the weight of authority where plaintiff proves enough to establish a prima facie case (as stated in 37 C. J. 635), he is not required to produce affirmative proof that insured was in good health at the time of the payment of the first premium and delivery of the policy, as provided by the terms of the policy, as there is no presumption that he was not in good health, but the burden is on the defendant, if he asserts that insured was not in good health at that time." Authorities from nine different states are cited, and these bear out the text. Other courts, namely, in Indiana, Kansas, Oklahoma, Illinois, and Texas, have announced the same rule. Western & Southern L. Ins. Co. v. Spencer, 95 Ind. App. 281, 179 N. E. 794; Layne v. Insurance Co., 136 Kans. 541, 16 P. (2d) 484; Dorsey Life Ass'n. v. Davis, (Tex. Civ.) 90 S. W. (2d) 270; Midcontinent L. Ins. Co. v. House, 156 Okl. 285, 10 P. (2d) 718; Nat. L. & A. Ins. Co. v. Shermer, 161 Okl. 77, 17 P. (2d) 401; Midcontinent L. Ins. Co. v. Trumbly, 170 Okl. 639, 41 P. (2d) 913; Nat. L. & Acc. Ins. Co. v. Wicker, 171

Okl. 241, 43 P. (2d) 50; Swanson v. Prudential Ins. Co., 271 Ill. 301; Crawford v. Life Ins. Co., 278 Ill. App. 576. See also Francis v. Ins. Co., 55 Or. 280, 106 Pac. 323, and Baker v. Ins. Co., 106 S. C. 419, 91 S. E. 324; Nat. L. & Acc. Ins. Co. v. Doman, (Tex. Civ. App.) 31 S. W. (2d) 865.

These cases apparently, though that is not altogether certain in some instances, proceed on the theory that the true burden of proof on the point in question is on the insurance company—not merely that it has the burden to go forward in order to overcome a prima facie case made by the plaintiff; in other words, they consider the matter an affirmative defense. Hence plaintiff need not plead the presence of good health. If we are not mistaken, the rule in Vermont, Louisiana, and Florida is the same. Guiltinan v. Metropolitan Life Insurance Co., 69 Vt. 469, 38 Atl. 315; Benjamin v. Connecticut Indemnity Association, 44 La. Ann. 1017; Nat. Council etc. v. Glenn, 76 Fla. 592. These cases do not present facts exactly like those in the case at bar. In the Vermont case it was agreed that if any statement contained in the application should not be true, or if any of the conditions were not observed, the policy should become void. The plaintiff did not plead that the statements made by him were true or that the conditions of the contract had been performed. But the petition was held sufficient and the rule was recognized that the principles of the law of life insurance are in direct contrariety to the rule requiring allegation and proof of the performance of conditions precedent, and that "all matters in confession and avoidance including not only those by way of discharge, but also of those which show the transaction to be void, shall be specially pleaded by the insurance company." The Louisiana case is very similar in these respects. See also Mass. Protective Ass'n. v. Ferguson, 168 La. 271, 121 So. 863. In the Florida case the court held that the insurance

company must plead specifically in what respect the insured was not in good health. The situation in New Hampshire is uncertain. The Supreme Court in that state holds that a health clause like that in controversy constitutes a condition precedent. Packard v. Insurance Co., 72 N. H. 1, 54 Atl. 287; Karp v. Ins. Co., 86 N. H. 124. The questions of pleading and of the true burden of proof were not involved in either of the cases. But in the latter case the court states that "the defendant is entitled to rely upon this *defense,*" namely, want of good health, at the time mentioned in the policy. The situation in Pennsylvania is not entirely clear. The Supreme Court and the Superior Court have both held that the health clause in controversy here constitutes a condition precedent. Benzinger v. Ins. Co., 317 Pa. 289, 176 Atl. 922. The Superior Court has, however, held several times that the burden to prove want of good health is on the insurance company. Connell v. Life Ins. Co., 16 Pa. Super. 520; Console v. Ins. Co., 67 Pa. Superior Ct. 52; Brelish v. Ins. Co., 109 Pa. Super. 1, 165 Atl. 515; Palyo v. Ins. Co., 114 Pa. Super. 583, 174 Atl. 640; Borgan v. Ins. Co., 99 Pa. Super. 377. In New York, the cases seem to be conflicting. See cases cited in 37 C. J. 616, and Hefferman v. Ins. Co., 157 Misc. Rep. 591, 285 N. Y. S. 202, on the one hand, and Matejunas v. Ins. Co., 244 App. Div. 802, 279 N. Y. S. 381 on the other. Some of the cases, recognizing the seeming inconsistency of placing the burden of pleading and proving that the insured was not in good health upon the insurance company, if the provision constitutes a condition precedent, have specifically held that it is not such a condition. Salt v. Prudential Ins. Co., 140 Mo. App. 142, 152; Frazier v. Ins. Co., 161 Mo. App. 709; James v. Nat. Life Ins. Co., 265 Ill. 436; Crawford v. Life Ins. Co., 278 Ill. App. 576; Fairfield v. Life Ins. Co., 196 Ill. App. 7; Mumaw v. Life Ins. Co., 97 O. S. 1, 119 N. E. 132; Midconti-

nent L. Ins. Co. v. House, 156 Okl. 235, 10 P. (2d) 718; Nat. L. & Acc. Ins. Co. v. Shermer, 161 Okl. 77, 17 P. (2d) 401; Midcontinent Life Ins. Co. v. Trumbley, 170 Okl. 639, 41 P. (2d) 913. In some of these cases, as in the Salt and the Mumaw cases, the condition was construed to be a warranty and it was held that as such the non-fulfillment thereof must be pleaded and proved by the insurance company. See also 34 Columbia L. R. 608. In Midcontinent Life Ins. Co. v. House, supra, the court holds that the terms "warranty" and "condition precedent" as used in life insurance policies are interchangeable, and that in view of the fact that, as in the case at bar, the policy provides that statements shall not be warranties but shall have the effect merely of representations, the health clause in controversy does not constitute a condition precedent. That holding, however, has been disapproved in other cases: Clark v. Prudential Ins. Co., 219 Wisc. 422, 263 N. W. 364; Fondi v. Ins. Co., 224 Mass. 6, 112 N. E. 664; Chorney v. Ins. Co., 54 R. I. 261, 172 Atl. 397. The rule in Arkansas is in dispute. See Person v. Aetna Life Ins. Co., 32 Fed. (2d) 459. An examination of the cases would indicate that the Supreme Court of that state holds that a health clause, like that in controversy here, will not, after the policy has been delivered, be considered either as a warranty or as a condition precedent, although it will be enforced as a stipulation in the proper case. Inter-Southern Life Ins. Co. v. Ransom, 149 Ark. 517, 232 S. W. 754; Lincoln Reserve Life Ins. Co. v. Smith, 134 Ark. 245, 203 S. W. 698. In the first of these cases the court stated:

"There are provisions in the policy making the application a part of the policy, and declaring that the policy and application constitute a contract between the parties. The application contained the following provision: "No contract of insurance shall be deemed made and no liability upon the part of the company shall arise, until a policy shall be issued and be deliv-

ered, and be personally and manually received by me, and the first premium thereon actually paid, all during my lifetime and while I am in good health.' The appellant contends that the above provision, because of its peculiar language, constitutes a warranty and is in the nature of a condition precedent to any effective contract of insurance. We believe that such a construction is contrary to our own cases and the law generally upon the subject. To be sure, the application is signed by the applicant for insurance, and, in that sense, he adopts its contents or provisions as his own; but in reality the form of the application is prepared by the insurance company and its language, except the blanks to be filled out in response to questions, is the language of the company. Similar provisions are usually found in all standard applications for policies of insurance and are inserted for the benefit of the insurer. The provision above quoted was wholly for the benefit of the appellant. There is nothing in the language used to constitute a warranty on the part of the assured, or a condition precedent to a binding contract of insurance."

Explicit and unequivocal as this language is, doubt is thrown on the case by Atlas Life Ins. Co. v. Bolling, 186 Ark. 1197, 53 S. W. (2d) 1.

It seems reasonably clear from the foregoing, that whether we call the health clause in controversy a condition precedent or not, the great majority of courts cast, in face of a clause reading like a condition precedent, the burden of pleading and proving want of good health on the insurance company. See also 24 Columbia L. R. 1515. Nor are sound reasons lacking for such a rule, when applied to cases like that before us here. Life insurance has become a great business and a beneficial one. It is in the interest of the individuals concerned, and in the interest of society as a whole, that every man, or nearly every man, should carry one or more policies of life insurance. The companies are interested in procuring as much business as possible. In furthering that purpose, it is for their interests, as well as the interests of the persons concerned, that

their policies, once written, should be as free from attack as possible. That has been recognized by insurance companies generally by ordinarily embodying in its policies a clause of incontestability. To go a little further, and assume the burden above mentioned, will not, we think, operate against their interests, but will still further stabilize their business, and will be in the interest of policy holders and the beneficiaries thereunder. It is, of course, true that parties have a right to embody in their contracts whatever terms they wish, and that courts should not attempt to make a contract for them. But as a practical matter, we know that insurance is ordinarily written at the request and solicitation of the agents of life insurance companies. These companies dictate their own terms, which are usually numerous and many of which are often complicated. The ordinary man knows little of the meaning of a condition precedent. Moreover, health is a relative term. The ordinary man is hardly qualified to determine whether he is a good insurance risk; life insurance companies are. The ordinary man may know whether he is feeling well, or reasonably well, at a particular time; but he is hardly qualified to determine whether or not that has a particular bearing upon the state of health which would injuriously or otherwise affect the question of his insurance risk. Much more is that true in the case of a beneficiary under a policy. We think that the Supreme Court of Massachusetts was correct when it stated in Lee v. Insurance Company, supra, that it is a matter of common knowledge that life insurance companies do not issue policies until they have received satisfactory knowledge of the health of the insured. Nor is that confined to cases where a medical examination has been had. The policy in this case states that the answers of the insured to the questions submitted to him should be in lieu of a medical examination, but that such examination might be re-

quired. It seems, accordingly, that the company concluded, after examining the answers, that no medical examination was necessary and that it satisfied itself that the insured was in good health. And in view of the superior ability of life insurance companies and their qualification to determine when a man is, or is not, a proper risk, the rule stated in some of the cases to the effect that it is their duty, in the ordinary case at least, to determine that fact when they enter into a contract, and not demand proof thereof after the insured is dead, does not seem to be an unreasonable one. Mumaw v. Ins. Co., supra; James v. Life & Acc. Ins. Co., 265 Ill. App. 436 and cases cited; Inter-Southern L. Ins. Co. v. Ransom, supra; 34 Columbia L. R. 607-608. And if that duty exists, it would not do to say that the beneficiary, who often would know little or nothing of the condition of health of the insured, should, after the latter's death, be compelled to plead and assume the burden of proving the condition precedent in that connection. The insurance company is in such case in a position where it is, or should be, better able to produce the requisite testimony as to health than the beneficiary, and no hardship can be said to result from placing the burden to produce evidence upon the party best able to do so. Logical consistency should in such case be sought, not between the duty of pleading and of furnishing proof on the one hand, and the formal language used in a health clause on the other, but between the duty of pleading and of furnishing proof on the one hand, and the duty of the insurance company to determine the health of the insured and the want of opportunity and qualification of the beneficiary to do so, on the other. That consistency would, accordingly, seem, in a case like that at bar, to require that the insurance company should plead and prove want of good health. Whether such conclusion means, logically, that such health clause should not be construed as a

condition precedent, may be open to argument. The result, of course, is the same. We do not say what the rule should be in cases in which the insurance company seeks to cancel a policy during the life time of the insured, or in cases where the character of insurance makes the determination of health by the insurance company difficult or impractical.

The force of what we have said applies particularly in the case at bar when we come to consider the contract as a whole. The policy provides that "if application for re-instatement be made within two years from the date of default in premium payments and while the policy is automatically continued in force, no evidence of insurability shall be required." The policy also contains, as has been noted, a clause of incontestability, effective after two years. Thus the defendant was willing to grant a reinstatement, without proof of health, though the policy might have become incontestable the next day. In other words, defendant required no proof of good health during the life-time of the insured. It is hardly likely, that it was intended that such proof should be required from a third party after the death of the insured. And there is an additional fact. We have already stated that it is held in Oklahoma that the health clause will not be considered a condition precedent where the policy (or the statute) provides that all statements shall be considered representations and not warranties, and that other courts hold the contrary. The latter consider the two clauses—the good health clause, and that relating to statements—to be entirely distinct. It is, perhaps, not unreasonable to so hold where, as appears in Cont. Ill. Nat. Bank v. Ins. Company, 76 F. (2d) 733, the clauses relate to a different time. But the clauses are closely connected. Both relate to the same subject, assuming that among the statements—which doubtless is invariably true—is one wherein the insured states that he is in good health.

And if, as in the case at bar, the good health clause applies to the time of the payment of the first premium, and that is paid when the application is made, both clauses refer not only to the same subject but also to the same time. All courts would, we think, hold that the burden of proof under the second clause—that relating to the statements—is on the insurer. McEwen v. Ins. Co., 42 Cal. App. 133, 183 Pac. 373; Forwood v. Ins. Co., 117 Md. 254, 83 Atl. 169. It cannot be held that the burden of proof under two different provisions of a policy, in force at one and the same time, which relate to and cover the same and identical point, is on the insurance company, and at the same time is on the insured. The force of the second clause cannot, under such facts, be destroyed. There is in such case, perhaps, a logical inconsistency. One or the other of the clauses must govern. A doubt in that respect will be resolved against the insurance company.

It is clear, accordingly, that no matter what view we take in the case at bar, plaintiff's petition herein stated a cause of action, and he proved all the facts essential to be proved by him. The judgment herein is, accordingly, affirmed.

*Affirmed.*

RINER and KIMBALL, JJ., concur.