Pearl KUKUCHKA, Plaintiff,

v.

IMPERIAL CASUALTY & INDEMNITY
CO., a corporation, Defendant.

Civ. No. 4802.

United States District Court
D. Wyoming.

Jan. 11, 1965.

Henry A. Burgess, Sheridan, Wyo., for plaintiff.

Murane, Bostwick, McDaniel & Scott, Casper, Wyo., for defendant.

KERR, District Judge.

█ This action is brought by the sole beneficiary of a life insurance policy to recover the sum of $25,000.00 allegedly due and owing as a result of the death of the insured. The jurisdictional requirements are satisfied. There is no dispute over the essential facts which are agreed upon in the Stipulation filed by the parties. The only question to be decided by this Court is whether the truck which the insured was operating at the time of his injury and death comes within the purview of the policy coverage.

Plaintiff is the widow of the insured and is a citizen of the State of Wyoming. Defendant, the Imperial Casualty and Indemnity Company, is a corporation organized and existing under and by virtue of the laws of the State of Nebraska, and duly authorized to do insurance business in the State of Wyoming. The policy issued by the defendant insuring the life of Paul Kukuchka, deceased, was in full force and effect on the date of the death of the insured. At the time of the accident, Paul Kukuchka was driving his 1961 Chevrolet truck equipped with a cab chassis and stock rail, and was returning to his home in Ranchester, Wyoming, after having used this truck to haul his cattle to the Sales Ring in Greybull, Wyoming. The truck was licensed by Sheridan County, Wyoming, as 3–T–2771. The certification of registration shows the letter "T" to be the code symbol for a truck, and a blank or no letter on the license number indicates a passenger car. Defendant concedes that the notice and proof of death and the filing of the claim were duly submitted as required by the terms of the policy. On December 4, 1963, a private carrier permit for the use of the insured's truck was renewed and issued to the insured by the Public Service Commission of Wyoming upon his statement that he performed transportation as a Private Carrier in Wyoming intrastate commerce, and he held a Private Carrier permit and an Interstate Carrier permit.

Subject to the "terms, conditions and exclusions" contained in the policy, the defendant agreed to pay indemnity to the insured provided that the injury was sustained * * *

"(b) while in, operating, entering or alighting from any *private passenger automobile licensed as such by the State or County of its registry* * * *." (Emphasis added)

Defendant denies coverage on the ground that the loss was sustained while the insured was driving his truck, which was not included within the coverage of the insurance policy for the reason that it is not a private passenger automobile licensed as such. Admitting that the loss was sustained while the insured was driving his truck plaintiff contends nevertheless that the policy definition of "Automobile" is broad enough to include trucks within its coverage. That definition reads as follows:

"With respect to this insurance, the word 'Automobile' means a land motor vehicle not operated on rails or crawler treads and does not mean farm tractors, nor any equipment designed for use principally off public roads."

Plaintiff argues that an ambiguity exists between subparagraph (b) quoted above and the definition of "Automobile"; that such ambiguity was created by and must be construed against the insurer; and that under the maxim of "expressio unius est exclusio alterius" the express exclusion of the vehicles mentioned in the definition impliedly includes every other kind of automobile, for example, a truck.

As sympathetic as one is to the obvious desire of the insured to protect his beneficiary, this Court is still obligated to respect the express terms and conditions of the insurance contract. The parties are entitled to embody in the contract whatever terms and conditions they wish and the Court cannot re-write the contract, nor reform it to include indemnity to which a Court thinks the parties might have, but did not in fact agree. State Farm Mutual Automobile Insurance Company v. Petsch, et al., 10 Cir., 261 F.2d 331 (1958); Rosenblum v. Sun Life Assur. Co. of Canada, 51 Wyo. 195, 65 P.2d 399, 109 A.L.R. 911 (1937); Alm v. Hartford Fire Insurance Company, 369 P.2d 216 (Wyo.1962). The contract must be read as a whole without undue emphasis on one clause or disregard of another clause. The insurance company is entitled to prescribe the type of vehicle to be covered by its policy. Spence v. Washington Nat. Ins. Co., 320 Ill.App. 149, 50 N.E.2d 128 (1943). The liability of the insurer is measured by the terms of the con-

tract and the terms used by the parties must be given their natural and reasonable meaning. Walton Motor Company v. American Hardware Mutual Insurance Company, D.C. Wyo., 167 F.Supp. 441 (1958). It is not enough to bring the insured's truck within the definition of "Automobile", but it must also come within the further condition prescribed by the policy that it be a "private passenger automobile licensed as such". There is no ambiguity here; both conditions of the contract must exist before the defendant is obligated to indemnify the loss sustained by the insured. Where the terms of a policy are clear and unambiguous they must be enforced according to the plain ordinary meaning of the terms agreed upon by the parties just the same as are terms of other contracts. Alm v. Hartford Fire Insurance Company, 369 P.2d 216 (Wyo.1962); Addison v. Aetna Life Insurance Company, 358 P.2d 948 (Wyo.1961); Thomas v. Farm Bureau Mutual Insurance Company of Idaho, Inc., 82 Idaho 314, 353 P.2d 776 (1960).

The question of whether an automobile is a private passenger automobile has been resolved by the courts generally in two ways. The governing factor may be the type of construction of the vehicle, or it may be the use to which it is put. Thomas v. Farm Bureau Mutual Insurance Company of Idaho, Inc., supra. In this case, however, this question is determined by the Statutes of the State of Wyoming as prescribed by the conditions of the policy itself. Section 31–12, Wyoming Statutes 1957 defines motor trucks as "all motor vehicles used mainly for the transportation of goods, wares or merchandise". Under the statute a "passenger car" includes "all motor vehicles equipped with passenger bodies and used mainly for the transportation of persons, and shall include ambulances and motor vehicles used in the undertaking business". There has been no contention that the insured's truck was equipped with a passenger body or that it was used mainly for the transportation of persons. The evidence shows that the truck was specif-ically equipped and used for the transportation of livestock. The insured paid the registration fee of $30.00 as required by Section 31–18, Wyoming Statutes 1957, for a truck. As a passenger car the registration fee would have been $7.50. The most conclusive evidence that the insured's truck was not a private passenger automobile licensed as such is its license plate containing the letter "T". Section 31–50, Wyoming Statutes 1957 requires that a motor vehicle registered as a truck have the letter "T" added to the license plate.

In the light of the undisputed facts and circumstances in this case, and in accordance with the explicit terms of the insurance policy, I am constrained to find that the plaintiff is not entitled to recover the proceeds of the insurance policy for the reason that the policy did not cover the insured's truck, which was not a private passenger automobile licensed as such by Sheridan County or the State of Wyoming.

This opinion sufficiently states the findings of fact and conclusions of law of the Court. Further findings of fact and conclusions of law are not necessary. Judgment will be entered accordingly.